**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01771-CMA-CBS

SPYDER ACTIVE SPORTS, INC.,

    Plaintiff and Counterclaim Defendant,

v.

DANGRA, INC. d/b/a REDBACK BOOTS USA,

    Defendant and Counterclaimant.

---

**PROTECTIVE ORDER**

---

The Court recognizes that at least some of the documents, electronic data, and information that may be sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such Materials as much as practically possible during the litigation. THEREFORE:

## DEFINITIONS

    1.    The term "Party" or "Parties" will mean any one or more of the parties to this action.

    2.    The term "Confidential Information" will mean and include Material (as

defined below) disclosed during this litigation including, without limitation, information contained in any materials and information provided in documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, compilations, copies, abstracts, and any other format reproducing or capturing such information or otherwise derived from such information that meets the designation requirements of "CONFIDENTIAL," or "CONFIDENTIAL — OUTSIDE COUNSEL ONLY."

      3.      The term "Materials" will include, but is not limited to: documents; correspondence; e-mails; memoranda; bulletins; blueprints; specifications; customer lists or other matter that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings; models and prototypes; and other physical objects.

      4.      The term "Counsel" (without qualifier) will mean Counsel of Record as defined below; as well as adjustors of liability insurers who have retained counsel of record on behalf of any Party to this action.

      5.      The term "Counsel of Record" will mean (i) outside counsel who appear in the action in any capacity, whether on the pleadings, on the record in a deposition or in

a hearing, or in any other circumstance associated with the action, as counsel for a Party, (ii) partners, principals, counsel, associates, employees, and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the Confidential Information for this action, including supporting personnel employed by the attorneys, such as paralegals, legal secretaries, and legal clerks, and/or (iii) independent shorthand reporters retained to record and transcribe testimony in this case and videographers retained to film testimony in this action.

6.  The term "Independent Expert" will mean a person with specialized knowledge or experience in a matter pertinent to the case who has been retained by Counsel to serve as an expert witness or as a litigation consultant in this case, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of a Party or competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

7.  The term "Professional Vendors" will mean persons or entities that provide litigation support services (e.g., photocopying; transcribing; videotaping; translating; preparing of exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

8.  The term "Producing Party" means a Party or non-party who produces or discloses any Confidential Information, or any other information or Materials that the Party or non-party believes should be subject to this Order or designated as "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL ONLY."

9.  The term "Designating Party" means a Producing Party who produces or

discloses any Material designated as "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" in accordance with this Order.

10. The term "Receiving Party" means a Party who receives or inspects Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" from a Producing Party.

11. The term "Objecting Party" means an Receiving Party who objects to the "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation of Confidential Information received from the Designating Party.

12. The term "Final Disposition" means the later of (1) dismissal of all claims and defenses in this action, with or without prejudice and final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law or (2) complete execution of all settlement obligations pursuant to any settlement agreement the Parties execute.

**GENERAL RULES**

1. The protections conferred by this Order cover not only Confidential Information (as defined above), but also any information or metadata copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information.

2. Any Producing Party may use the "CONFIDENTIAL" designation only if, in the good faith belief of such Producing Party and its Counsel, the unrestricted disclosure of such information and/or Materials could be potentially prejudicial to the business or operations of such Party.

3. Any Producing Party may use the "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" designation only if, in the good faith belief of such Producing Party and its Counsel, such information and/or Materials is among that considered to be most sensitive by the Producing Party, including but not limited to trade secret or other confidential research, development, financial, or other highly sensitive commercial or business information and/or Materials.

4. Each Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of Material that qualify – so that other portions of the Material for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party

must promptly notify all other parties that it is withdrawing the mistaken designation.

5. In the event the Producing Party elects to produce Materials for initial inspection, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL — OUTSIDE COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the Receiving Party, the Producing Party must, within a reasonable time prior to producing those Material to the Receiving Party, mark the copies of those Materials that contain Confidential Information with the appropriate "CONFIDENTIAL," or "CONFIDENTIAL — OUTSIDE COUNSEL ONLY."

6. In the event that a Designating Party produces Material that another Party desires to designate as Confidential Information, the Party so desiring shall, reasonably but promptly after the initial production, notify other Receiving Parties of the designation and the Receiving Parties, on timely notification of the designation, must make reasonable efforts to assure that the Material is treated as Confidential Information in accordance with the provisions of this Order.  The Designating Party shall also affix the appropriate legend on a copy of the Confidential Information and produce it to the other Receiving Parties.

7. When it is necessary to produce native format files (such as .xls files) that cannot feasibly be labeled "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," the transmission e-mail(s), disk(s), and/or letter(s) accompanying the production of such files shall indicate that the files shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."  Copies of

native files shall also be produced in a static nature (i.e. .pdf, .txt or load file) bearing the same Bates Number(s) as the native files. All printouts or tables, charts, etc. made or derived from any information contained in such native files shall bear the proper confidentiality designation.

  8. Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of any Producing Party:

   (a) The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a Producing Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Producing Party will have until fourteen (14) days after receipt of the deposition transcript to inform the Parties of the portions of the transcript to be designated "CONFIDENTIAL," or "CONFIDENTIAL — OUTSIDE COUNSEL ONLY."

   (b) A Party or its Counsel of Record will have the right to exclude from attendance at the deposition, only during such time as "CONFIDENTIAL" designated Confidential Information is to be disclosed, any person, other than the deponent and other than those individuals permitted access under this Order, the court reporter, and the person(s) agreed upon pursuant to section 12 below; and

   (c) A Party or its Counsel of Record will have the right to exclude from attendance at the deposition, only during such time as "CONFIDENTIAL —OUTSIDE COUNSEL ONLY" designated Confidential Information is to be disclosed, any person,

other than the deponent and other than those individuals permitted access under this Order, the court reporter, and the person(s) agreed upon pursuant to section 11 below; and

    (d) The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," or "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

  9. For information produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix in a prominent place on the item itself and/or on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL –- OUTSIDE COUNSEL ONLY." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

  10. All Confidential Information designated as "CONFIDENTIAL," or "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" must not be disclosed by the Receiving Party to anyone other than those persons permitted access within this Order and must be handled in the manner set forth herein and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

11. All Confidential information designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" may be viewed only by Counsel of Record for the Receiving Party and by Independent Experts who have executed a copy of the form attached hereto as Exhibit A in advance of gaining access to the Confidential Information. Nothing in this Order shall be construed to limit or restrict the handling or access by the Designating Party of Confidential Information designated by the Designating Party.

12. All Confidential Information designated "CONFIDENTIAL" may be viewed only by Counsel of Record for the Receiving Party, and by Independent Experts who have executed a copy of the form attached hereto as Exhibit A in advance of gaining access to the Confidential Information and by employees or officers of the Receiving Party who have a bona fide need to review, analyze or know the information for purposes of this litigation.

13. All Confidential Information designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL" may also be viewable by Professional Vendors.

14. With respect to all Confidential Information designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the Material, may be shown the same.

15. All Confidential Information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -OUTSIDE COUNSEL ONLY," by the Producing or disclosing Party, and any and all reproductions of that Material, must be retained in the custody of the Counsel of Record for the Receiving Party, except that Independent Experts authorized to view such information under the terms of this Order may retain

custody of copies such as are necessary for their participation in this litigation.

16.     Before any Materials which are designated as "CONFIDENTIAL," or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," are filed with the Court for any purpose, the Party seeking to file such Confidential Information must seek permission of the Court to file the Confidential Information under seal. Any request to file such Confidential Information under seal must comply with D.C.COLO.LCivR 7.2.

17.     At any stage of these proceedings, any Party may object to the "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL ONLY," designation of any Confidential Information. The Objecting Party must notify, in writing, Counsel for the Designating Party of the objection and the grounds for the objection ("Objection"). After a good faith meet and confer between the Objecting and Designating Parties on the Objection, if the dispute is not resolved within seven (7) days of receipt of such Objection, the Designating Party may move the Court for a ruling on the Objection within fourteen (14) days of receiving the Objection. The Confidential Information at issue must be treated according to the designation of the Designating Party, until the Court has ruled on the Objection or the matter has been otherwise resolved.  The Designating Party must carry the burden of proving the validity of its designations.  If the Designating Party fails to file an appropriate motion within fourteen (14) days of receiving an Objection, the challenged designation is deemed waived and no party has an obligation to treat the subject Material as Confidential Information.

18.     The Designating Party that elects to maintain a confidentiality designation may file and serve a motion under D.C.COLO.LCivR 7 that identifies the challenged Material and sets forth in detail the basis for the confidentiality designation.  Each such

motion must include a certification that the movant has complied with the meet and confer requirements and must set forth with specificity the justification for the confidentiality designation. All Confidential Information must be held in confidence by those authorized by this Order to inspect or receive it, and must be used only for purposes of this action. Counsel for each Party and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Confidential Information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties, use its best efforts to retrieve ("claw back") all copies of the Confidential Information and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

19. No Party will be responsible to another Party for disclosure of Confidential Information under this Order if the Confidential Information in question is not labeled or otherwise designated in accordance with this Order.

20. If timely corrected after discovery by the Producing Party, an inadvertent failure to designate Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL ONLY" does not, standing alone, waive the Producing Party's right to secure protection under this Order for such Material. If Material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" after the Material was initially produced, the

Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including reasonable efforts to retrieve and destroy all copies of the incorrectly designated materials.  The Receiving Party or non-party shall have no liability under this Protective Order for reliance on the incorrect designation, including any disclosure of information contained in the incorrectly designated Material consistent with this Protective Order, prior to receiving written notice of the error.

21. The inadvertent production of any document or information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work product doctrine, or other privilege or immunity, and no Producing Party shall be held to have waived any rights by such inadvertent production.  Inadvertent production shall be remedied through the following "claw-back" procedure: upon written request by the Producing Party, the Receiving Party shall:

(a) return or destroy the original and all copies of such documents within seven (7) days, or promptly petition the Court for a determination whether (i) production is properly inadvertent or (ii) the document is subject to a claim of privilege, and

(b) shall not further disseminate or use such information for any purpose unless and until the Court has ruled upon the Producing Party's claim of privilege.

22. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this

action as "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL ONLY," the Receiving Party must so notify the Designating Party, in writing (by e-mail, if possible) immediately and in no event more than seven (7) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order, and all associated requests. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the Material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party who caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

23. Nothing within this Order will prejudice the right of any Party to object to the production of any Material on the grounds that such Confidential Information is protected as privileged or as attorney work product.

24.     Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL — OUTSIDE COUNSEL ONLY," provided that the contents of the Confidential Information must not be disclosed to those not authorized by this Order.

25.     This Order will be without prejudice to the right of any Party to oppose production of any Confidential Information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

26.     Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

27.     Nothing in this Order will be construed to conflict with laws regulating the exportation of certain types of information, Materials, or devices outside of the United States.

28.     Unless otherwise agreed by the parties in writing, within sixty (60) days after the Final Disposition each receiving Party authorized by this Order must return all Confidential Information to the Producing Party or destroy such Confidential Information. Whether the Confidential Information is returned or destroyed, Counsel for the Receiving Party must submit a written certification to Counsel for the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that

was returned or destroyed and (2) affirms that the Receiving Party has not retained any of the Confidential Information.  Notwithstanding this provision, and unless otherwise agreed by the parties in writing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such Materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order as set forth herein. Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a Court otherwise directs.

29. The restrictions and obligations set forth within this Order will not apply to any Confidential Information that:

(a) the Parties mutually agree should not be subject to this Order;

(b) the Parties mutually agree, or the Court rules, is already public knowledge;

(c) the Parties mutually agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or

(d) has come or will come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party.

30. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains possession of that Confidential Information.

31. Transmission by facsimile or email is acceptable for all notification purposes within this Order.

32. This Order may be modified by written agreement of the Parties, subject to approval by the Court.

33. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

34. Even after the termination of this action, the confidentiality and other obligations imposed by this Order will remain in effect until the Designating Party agrees otherwise in writing or the Court otherwise directs. Any Final Disposition of this action as to any or all parties will include a specific requirement that the Court will retain jurisdiction to enforce the terms of this Order for a period of two (2) years following such Final Disposition unless otherwise ordered by the Court. The Parties, Counsel, and any individual who receives any Confidential Information authorized by this Order consents to the personal jurisdiction of the Court for that purpose.

DATED at Denver, Colorado, on November 14, 2013.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01771-CMA-CBS

SPYDER ACTIVE SPORTS, INC.,

    Plaintiff and Counterclaim Defendant,

v.

DANGRA, INC. d/b/a REDBACK BOOTS USA,

    Defendant and Counterclaimant.

---

**ACKNOWLEDGEMENT AND
AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

---

    I, _____ , declare and say that:

    1.    I am employed as _____ by _____ .

    2.    I have received and read a copy of the Protective Order entered in the above-captioned action, and understand and agree to abide by its terms.

    3.    I agree to keep confidential all Confidential Information provided to me in this matter, in accordance with the restrictions in the Protective Order.

    4.    I hereby represent that I have not divulged, and will not divulge, or undertake to divulge, any Confidential Information except as authorized in the Protective Order. I further represent that I will not use any Confidential Information for any purposes other than in this action, and that, at the termination of the action, I will return all Confidential Material with which I have been provided, including any and all copies,

to the counsel from whom I received such Confidential Information.

5. I acknowledge that, by signing this Agreement, I am subjecting myself to the Jurisdiction of the United States District Court for the District of Colorado with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:_____   _____

Printed Name: _____

Address: _____

_____

Telephone:_____